**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey J Purington,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GEICO Casualty Company,<br><br>　　　　Defendant. | No. CV-19-01469-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Casey J. Purington's ("Plaintiff") Motion for Recorded Telephonic Discovery Conferences/Hearings. (Doc. 36). In his motion, Plaintiff requests the Court order all future telephonic discovery hearings to be recorded and available on CD-ROM. *Id.* at 2. Defendant does not take a position on that request but does request that the Court also continue to use a court reporter (Doc. 38).

The local rules provide a policy on recording in the courtroom:
CONDUCT IN COURTROOM AND ENVIRONS
(a) Audio/video Recording.
(1) Prohibited Activities. All forms, means, and manner of capturing, recording, broadcasting, transmitting, and/or storing of anything by use of electronic, photographic, audio and/or visual means or devices are prohibited in all courtrooms and environs thereto during the course of, or in connection with, any judicial proceedings whether the Court is actually in session or not.
(2) Exceptions. A District, Magistrate, or Bankruptcy Judge may permit:
(A) the use of electronic or photographic devices for the presentation of evidence or the perpetuation of the record;
. . .
(e) Exemption for Court Reporting and Recording. This Local Rule is not intended to prohibit recordings by a court reporter paid or appointed by the

District Court or recordings prepared by Court personnel, where such recordings are for use as a court record only.

LRCiv 43.1. Copies of transcripts and recordings made by the Court may be obtained only by completing an order form provided on the Court's website.

Plaintiff makes his request because he says it is less expensive for him to receive a CD Rom copy of the hearing than to pay for a transcript. While that may be true for longer hearings or a trial, Plaintiff is only asking for discovery disputes to be recorded. Those are typically much shorter. In addition, if Plaintiff were to want to rely on a recording to support a motion in the future, then he would have to pay someone to transcribe it for the record. That defeats his stated purpose for requesting the recording. Finally, it is this Court's policy to use a court reporter for the official record. Therefore, in the Court's discretion,

**IT IS ORDERED denying** Casey J. Purington's ("Plaintiff") Motion for Recorded Telephonic Discovery Conferences/Hearings. (Doc. 36).

Dated this 12th day of September, 2019.

Honorable Susan M. Brnovich
United States District Judge