**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey J Purington,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO Insurance Agency Incorporated, et al.,<br><br>    Defendants. | No. CV-19-01469-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Geico Casualty Company's Motion for an award of attorney's fees. (Doc. 98.) Plaintiff filed a response, (Doc. 102) and Defendant filed a reply. (Doc. 104.) having considered the parties briefing and relevant law, The Court renders the following decision.

Plaintiff filed this case seeking to recover against the Defendant for breach of an insurance contract and for Defendant's alleged bad faith breach of the duty of good faith and fair dealing. (Doc. 1-3 at 16-18.) After approximately eighteen months of litigation, this Court issued summary judgment against the Plaintiff on each of his claims. (Doc. 97). In its grant of summary judgement, the Court noted Plaintiff had absolutely failed to present a single shred of evidence for his claim of bad faith and had presented no evidence Geico had breached his contract. (*Id.*) Defendant now argues that in light of the fact of this case and the Court's ruling, it is entitled to an award of attorney fees under A.R.S. § 12-341.01.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-

341.01(A). "The legislature used the phrase 'may award' in authorizing the trial judge to award a successful contract litigant reasonable attorney's fees." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). Arizona courts have long held that

> A court has broad discretion whether to award attorney fees and may consider factors including (1) "[t]he merits of the claim or defense presented by the unsuccessful party"; (2) whether "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result"; (3) whether the unsuccessful party would suffer "extreme hardship"; (4) whether the successful party prevailed as to all relief sought; (5) whether novel legal questions were presented; and (6) whether the award would discourage parties from litigating or defending legitimate contract issues.

*Goodman v. 12 Univ. Ltd. Liab. Co.*, No. 2 CA-CV 2020-0034, 2020 Ariz. App. Unpub. LEXIS 1251, at *24-25 (Ct. App. Nov. 23, 2020) (citing *Associated Indem. Corp*, 143 Ariz. at 570).

The Court makes the following findings as to each of the above listed factors:

1. Geico had a meritorious defense and ultimately succeeded on its motion for summary judgment. This factor weighs in favor of Defendant.
2. Throughout this entire case and from the beginning of his claim with Geico, Plaintiff demanded the policy limit. He also refused to participate in arbitration and/or mediation prior to litigation. After the case was filed, Plaintiff refused to participate in mediation unless Geico paid for the mediation in full. Geico paid for the mediation but Plaintiff still refused to negotiate. Additionally, after summary judgment was granted in favor of Geico, it made further offers to settle the case to avoid appeal and Plaintiff refused. This factor weighs in favor of Defendant.
3. Plaintiff claims that an award of attorneys' fees would be a hardship but provides no evidence of his financial situation. Because "[t]he party asserting financial hardship has the burden of coming forward with prima facie evidence of the financial hardship," *Woerth v. City of Flagstaff*, 167 Ariz. 412, 808 P.2d 297, 305 (Ct. App. 1990), and Plaintiff has not done so, the Court finds that this factor weighs in favor of Defendant's request for fees. *See also, Ameriprise Fin. Servs. v. Ekweani*, 2015 U.S. Dist. LEXIS 79959, at *5 (D. Ariz. 2015) and *Ogden v. CDI Corp.*, 2013 U.S. Dist. LEXIS 38603, at *4-6 (D. Ariz. 2013). Geico did provide quotes from Plaintiff's depositions where Plaintiff claimed to have a lucrative business and lavish lifestyle prior to the accident. There is no evidence regarding Plaintiff's financial position post-accident.

4. Defendant prevailed on all claims and is the successful party.
5. There is nothing novel about the claim or defense in this case. It was an insurance bad faith claim which occurs regularly in this court.
6. Defendant requests an award of $136,446.50. While these fees are reasonable given Plaintiff's hostile and uncooperative behavior throughout this case, such a fee award would likely deter others from bringing claims against insurance companies.

Overall, the Court finds that attorney's fees should be awarded in this case.

In the exercise of the Court's discretion, the award will be reduced to $15,000. The Court awards less than the full amount because Plaintiff is appearing pro se and it is likely that a full award would result in hardship. While Plaintiff did not provide financial information or testimony to support the hardship claim, There was evidence presented at the summary judgment phase that Plaintiff does have ongoing health issues that may be unrelated to the car accident. Further, the Court notes that when awarding fees it must balance the conduct with the parties with the fact that an excessive or crippling award of fees cannot but chill the willingness of other individuals with potentially meritorious claims from seeking protection of their rights in Court. Few would pursue a claim against insurers while knowing they risk not only defeat, but the imposition of fees substantially greater than even the maximum recovery sought.

Accordingly,

**IT IS ORDERED** that Defendant Geico Casualty Company's Motion for an award of attorney's fees, (Doc. 98), **is granted in part.** Defendant is awarded $15,000 in attorney's fees against Plaintiff.

Dated this 8th day of June, 2021.

Honorable Susan M. Brnovich
United States District Judge